**Opinion issued November 21, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00105-CV

———————————

**CITY OF KEMAH, Appellant**

**V.**

**CARL JOINER, Appellee**

On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Case No. 22-cv-2216

## MEMORANDUM OPINION

The City of Kemah appeals from the trial court's denial of its plea to the jurisdiction. Appellee Carl Joiner, who is the former mayor of the City of Kemah, sued the City for a declaratory judgment compelling the City to release an investigatory report, which Joiner maintained would exonerate him of allegations

of wrongdoing. The City sought dismissal on the grounds of sovereign immunity and Joiner's lack of standing. The trial court denied the City's plea to the jurisdiction, and the City appealed.

Because we conclude that Joiner failed to demonstrate a waiver of sovereign immunity, we reverse the trial court's order. We remand to the trial court to afford Joiner an opportunity to replead, if possible.

## Background

Joiner served as mayor of the City of Kemah from 2015 until 2019 and again from 2021 until 2023. From 2017 through 2018, the City undertook renovation and expansion projects concerning a parking lot, the visitor center, and city hall. In April 2021, the City entered into a contract with the law firm of Lewis, Brisbois, Bisgaard & Smith LLP to investigate whether the contracts for the renovation and expansion projects were fulfilled and whether there were any irregularities. According to Joiner, "[a] primary purpose behind this investigation was the City's drive to uncover alleged self-dealing, misappropriation of funds and/or mismanagement on [his] part as Mayor of Kemah during the Renovation Project." The law firm prepared a two-part report, which was issued to city council members in January and May 2022.

Joiner maintains that, as mayor, he saw the report, but the city council refused to release it to the public. In his affidavit, Joiner averred that he asked the

2

city council to release the report to the public "on numerous occasions." On September 21, 2022, Joiner sent a letter to the city council again requesting that the report be made public. Joiner asserted that the city council had waived any claim of attorney-client privilege when a city council member discussed the purpose of the law firm's investigation at a public meeting. In response to his written request, the city secretary sent Joiner an email informing him that Wayne Dolcefino had also requested the law firm's report. In response to Dolcefino's request, the City sought an opinion from the Texas Attorney General on whether it could withhold the report on the ground of attorney-client privilege. According to the city secretary, the relevant statute afforded the attorney general 45 days in which to respond, and that time period had not yet elapsed. The city council did not release the report to the public.

In late November 2022, Joiner filed suit against the City seeking a declaratory judgment stating that the law firm's report is not privileged and ordering the City to release it to the public. In response, the City filed an answer and a plea to the jurisdiction. The City argued that Joiner lacks standing to sue because he was not personally aggrieved by the City's failure to release the law firm's report. The City also argued that Joiner had not demonstrated a waiver of its sovereign immunity.

3

Joiner responded with evidence, which consisted of: Joiner's affidavit; his September 21, 2022 letter to city council members; the September 28, 2022 email to Joiner and others regarding Dolcefino's request, and the City's submission of the issue of releasing the report to the Attorney General for advice. In the letter to the Attorney General, the City asserted that it had hired the law firm to perform legal services and that the report should be withheld from public disclosure because it is confidential and subject to both attorney-client and work-product privileges.

The trial court denied the plea to the jurisdiction in an order that stated it had considered "the Motion, Plaintiff's Response, the evidence presented, and argument of counsel, if any . . . ." The City appealed.[1]

**Analysis**

On appeal, the City argues that the trial court erred by denying its plea to the jurisdiction because Joiner lacked standing and failed to demonstrate a waiver of the City's governmental immunity.

**I.      Standards of review**

Subject-matter jurisdiction is essential to a court's power to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). The

---

[1]      Three days after the trial court signed its order denying the plea to the jurisdiction, the City filed a reply to Joiner's response to the City's plea to the jurisdiction. The City urged the trial court to strike Joiner's evidence, and again argued that Joiner lacked standing and the City was immune from suit.

4

plaintiff has the burden to affirmatively demonstrate a trial court's jurisdiction. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). That burden includes the obligation to establish a waiver of sovereign immunity in suits against the government. *Id.*

Governmental units, including cities, are generally entitled to governmental immunity from suit unless the Legislature has consented to suit. *Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022); *see* TEX. CIV. PRAC. & REM. CODE § 101.001(3)(B) (defining "governmental unit" to include cities). A city may challenge a court's jurisdiction by asserting immunity in a plea to the jurisdiction. *Christ v. Tex. Dep't of Transp.*, 664 S.W.3d 82, 86 (Tex. 2023). When a plea to the jurisdiction challenges whether the plaintiff has alleged facts that affirmatively demonstrate jurisdiction, we review the trial court's ruling de novo and based on the pleadings. *Abbott v. Mexican Am. Legislative Caucus, Tex. House of Representatives*, 647 S.W.3d 681, 689 (Tex. 2022); *see Christ*, 664 S.W.3d at 86 (noting that whether court has subject-matter jurisdiction is question of law). When a plea to the jurisdiction challenges the existence of jurisdictional facts, our review mirrors that of a traditional summary judgment.[2] *Abbott*, 647 S.W.3d at 689.

---

[2]    When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court may review the relevant evidence and determine whether a fact issue exists. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). When the evidence reveals a question of fact on the jurisdictional issue, the trial court cannot grant the plea, and instead the fact issue will be resolved by the

5

## II. UDJA does not waive the City's immunity.

Joiner sued the City, which, as a governmental unit, is immune from suit unless the Legislature has waived immunity. *See Dohlen*, 643 S.W.3d at 392. Joiner argues that the Uniform Declaratory Judgments Act, *see* TEX. CIV. PRAC. & REM. CODE § 37.004, waives immunity in this case in which he seeks "a declaration of rights under a *contract*." Appellee's Br. 13. Section 37.004 provides:

> A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

*Id.* § 37.004(a).

The UDJA does not contain a general waiver of sovereign or governmental immunity. *Swanson*, 590 S.W.3d at 552. In *City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009), the Supreme Court held that the UDJA waives immunity for "claims challenging the validity of ordinances or statutes" by requiring that the "relevant governmental entities be made parties." 284 S.W.3d at 373 n.6 (citing TEX. CIV. PRAC. & REM. CODE § 37.006(b), requiring governmental entities to be made party). But the "UDJA does not waive the state's sovereign immunity when

---

factfinder. *Id.* at 227–28. If the relevant evidence is undisputed or fails to raise a question of fact, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

the plaintiff seeks a declaration of his or her rights under a statute or other law." *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) (holding that "sovereign immunity bars UDJA actions against the state and its political subdivisions absent a legislative waiver"). Thus, the UDJA does not waive immunity in this case.

**III. The Open Meetings Act and the Public Information Act do not waive the City's immunity.**

Joiner argues, however, that the City has avoided its duties under the Texas Open Meetings Act and the Texas Public Information Act. *See* TEX. GOV'T CODE §§ 551.001–.146 (Texas Open Meetings Act); TEX. GOV'T CODE §§ 552.001–.376 (Texas Public Information Act). Neither of these statutes waive immunity in this case.

The Texas Open Meetings Act includes a clear and unambiguous waiver of immunity but only for a suit brought by mandamus or injunction. *Swanson*, 590 S.W.3d at 554 (citing TEX. GOV'T CODE §§ 551.141–.142(a)). "[T]he Open Meetings Act's clear and unambiguous waiver of immunity does not extend to suits for declaratory relief." *Id.* Joiner brought suit for declaratory relief, so the Open Meetings Act does not waive immunity in this case.

The Texas Public Information Act includes a clear and unambiguous waiver of immunity for "an action for a declaratory judgment or injunctive relief," but only when brought in accordance with section 552.3215 of the Government Code.

7

TEX. GOV'T CODE § 552.3215. Section 552.3215 authorizes a district or county attorney or the attorney general to bring a suit for declaratory or injunctive relief based on information provided by a person who claims to be a victim of a violation of the Public Information Act. *Id.* Joiner is not a district or county attorney or the attorney general, so the Public Information Act does not waive immunity in this case. *See id.*

We conclude that Joiner did not meet his burden to prove a waiver of the City's immunity. We sustain the City's sole issue.

## Conclusion

Because the City retained immunity, the trial court erred by denying its plea to the jurisdiction. Accordingly, we reverse the trial court's order denying the plea to the jurisdiction. Because it is unclear whether it is possible for Joiner to cure the defects in his pleadings, we remand this case to the trial court to afford Joiner an opportunity to replead, if possible. *See, e.g.*, *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (requiring opportunity to amend when possible to cure pleading defect).


                                        Peter Kelly
                                        Justice

Panel consists of Justices Kelly, Landau, and Farris.

8